IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WASTE TRANSPORTATION & DISPOSAL, INC., Plaintiff | : : : : : | CIVIL ACTION NO. 1:06-CV-1842 (Judge Conner) |
| v. | : : | |
| CONTI ENVIRONMENT & INFRASTRUCTURE, INC, et al., Defendants | : : : | |

**MEMORANDUM**

Presently before the court is the motion of defendant United States Army Corps of Engineers ("Army Corps") to dismiss the negligent misrepresentation claim[1] asserted against it by plaintiff Waste Transportation & Disposal, Inc. ("WTDI"). Army Corps argues that the doctrine of sovereign immunity precludes the court from exercising subject matter jurisdiction over WTDI's claim. For the reasons that follow, the motion will be granted.

I.  **Factual Background**

The dispute in this case centers around the performance of certain landfill closure activities at the Defense Distribution Depot in New Cumberland, Pennsylvania. (Doc. 6 ¶ 8.) Army Corps entered into a contract with defendant

---

[1] In its brief in opposition to the instant motion to dismiss, WTDI concedes that its only claim against Army Corps is for negligent misrepresentation. (Doc. 26 at 3, 8.) To the extent that the averments of WTDI's complaint could be interpreted to raise claims against Army Corps pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134, the Tucker Act, 28 U.S.C. § 1491, or the Contract Disputes Act, 41 U.S.C. §§ 601-613, such claims are dismissed without further discussion. (See Docs. 22, 24.)

Conti Environment & Infrastructure, Inc. ("Conti"), whereby Conti agreed to act as the general contractor for the landfill closure activities. (Id.) Conti subsequently opened the project for public bidding to subcontractors who could supply protective cover soil and topsoil in accordance with contract specifications. (Id. ¶ 9; see also Doc. 1, Ex. A at 1.) Among these contract specifications was an estimate that the successful subcontractor would be required to supply approximately 6,747 loads of protective cover soil and 2,470 loads of topsoil to the project site. (Doc. 6 ¶ 10; Doc. 1, Ex. A at 2.)

WTDI submitted its written bid for the project on March 7, 2005. (Doc. 6 ¶ 11; Doc. 1, Ex. B.) In its bid, WTDI agreed to deliver a minimum of 6,000 loads of protective cover soil at a cost of $102.00 per load and a minimum of 2,000 loads of topsoil at a cost of $230.00 per load. (Doc. 6 ¶ 12; Doc. 1, Ex. B.) WTDI asserts that its bid was calculated "based on the high volume of loads requested by Conti and included a volume discount." (Doc. 6 ¶ 13.) By purchase order dated April 19, 2005, Conti accepted WTDI's bid. (Id. ¶ 15; Doc. 1, Ex. C.)

Ultimately, Conti purchased only 3,382 loads of protective cover soil from WTDI and secured the remaining soil from another source. (Doc. 6 ¶¶ 17, 19.) In December of 2005, WTDI submitted a "request for equitable adjustment" to Conti, seeking an increase in the per load rate for protective cover soil to $170.00 per load given the decrease in quantity purchased. (Id. ¶ 23.) WTDI received no response from Conti. (Id.) WTDI made a second request for equitable adjustment in February 2006, which request was denied. (Id.)

To secure the landfill closure project, Conti had obtained a payment bond from defendant Travelers Casualty and Surety Company of America ("Travelers"). (Id. ¶ 16.) In July 2006, WTDI submitted a timely claim on the payment bond to Travelers, but Travelers denied the claim. (Id. ¶ 24.)

On September 19, 2006, WTDI filed the instant action, asserting claims for breach of contract, quantum meruit, and fraudulent misrepresentation against Conti, an action against Travelers on the payment bond, and a claim of negligent misrepresentation against Army Corps.[2] (See Docs. 1, 6.) Army Corps filed the instant motion to dismiss, arguing that this court lacks subject matter jurisdiction over WTDI's claims against Army Corps. Specifically, Army Corps argues that the doctrine of sovereign immunity insulates it from suit. (See Doc. 31.) The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).

---

[2] WTDI originally asserted claims of action on an account and tortious interference with contract against Conti. These claims were dismissed by order of court dated December 22, 2006. (Doc. 21.)

Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. <u>Tolan v. United States</u>, 176 F.R.D. 507, 509 (E.D. Pa. 1998). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. <u>Id.</u>; <u>Carpet Group</u>, 227 F.3d at 69. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. <u>See</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. <u>Tolan</u>, 176 F.R.D. at 510; <u>see also</u> <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue. <u>Id.</u>; <u>Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.</u>, 227 F.3d 62, 69 (3d Cir. 2000). Because the instant 12(b)(1) motion presents a facial attack on this court's subject matter jurisdiction, the former standard will be used.

### III.  **Discussion**

As a sovereign, the United States "is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980).

Under the Federal Tort Claims Act ("FTCA"), the United States has consented to be sued for:

> injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1); see also Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006).

Yet, the FTCA's waiver of sovereign immunity is not limitless. Section 2680 of Title 28 of the United States Code sets forth thirteen explicit exceptions to the FTCA's waiver of sovereign immunity. One such exception covers any claim "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation,* deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h) (emphasis added). At first blush, this exception appears to be limited to intentional torts; however, the United States Supreme Court has held that claims of negligent misrepresentation are also covered by the exception. Block v. Neal, 460 U.S. 289, 295 (1983) (citing United States v. Neustadt, 366 U.S. 696, 703-06 (1961)); see also Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affairs, 426 F.3d 241, 247 n.4 (3d Cir. 2005). To fall within the negligent misrepresentation exception, a claim must focus on "the Government's failure to use due care in obtaining and communicating information." Block, 460 U.S. at 297; see also United States v. Esdale, Civ. A. No. 05-2046, 2006 WL 2129101, at *2 (D.N.J. July 25, 2006).

In the instant case, the gravamen of WTDI's claim is that Army Corps failed to use due care in estimating the amounts of soil required for the landfill closure project and should have known that the amounts communicated to WTDI were incorrect.  (See Doc. 6 ¶¶ 58-65.)  The court finds that this claim falls squarely within the FTCA's negligent misrepresentation exception.  See Block, 460 U.S. at 297.  Accordingly, the doctrine of sovereign immunity divests the court of subject matter jurisdiction, and Army Corps' motion to dismiss will be granted.

Even assuming *arguendo* that WTDI's claim against Army Corps did not fall within the misrepresentation exception, WTDI's claim would still fail for want of subject matter jurisdiction.  The FTCA bars plaintiffs from bringing lawsuits in federal court until they have "exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993); see also Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).  Specifically, the FTCA provides, in pertinent part, as follows:

> An action shall not be instituted upon a claim against negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added).  The FTCA's exhaustion requirement "is jurisdictional and cannot be waived." Rosario v. Am. Export-Isbrandtsen Lines, Inc., 531 F.2d 1227, 1231 (3d Cir. 1976).

In the action *sub judice,* WTDI has failed to allege that it presented its FTCA claim to the appropriate administrative agency before filing this action in federal court.  (See Doc. 6.)  Absent evidence that WTDI met the FTCA's exhaustion requirement, the court is required to dismiss WTDI's claim against Army Corps for lack of jurisdiction.

**IV.** **Conclusion**

For the foregoing reasons, Army Corps' motion to dismiss will be granted. An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	June 26, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WASTE TRANSPORTATION & DISPOSAL, INC., Plaintiff | : CIVIL ACTION NO. 1:06-CV-1842 : : (Judge Conner) : : |
| v. | : : |
| CONTI ENVIRONMENT & INFRASTRUCTURE, INC, et al., Defendants | : : : : |

## ORDER

AND NOW, this 26th day of June, 2007, upon consideration of the motion to dismiss (Doc. 22), filed by defendant The United States Army Corps of Engineers, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion to dismiss (Doc. 22) is GRANTED.

2. Plaintiff's claims against defendant The United States Army Corps of Engineers are DISMISSED.

3. The Clerk of Court is directed to TERMINATE the above-named defendant.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge