IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WASTE TRANSPORTATION & DISPOSAL, INC.,** Plaintiff | : : : : : | CIVIL ACTION NO. 1:06-CV-1842 (Judge Conner) |
| v. | : : | |
| **CONTI ENVIRONMENT & INFRASTRUCTURE, INC, et al.,** Defendants | : : : | |

# ORDER

AND NOW, this 1st day of October, 2007, upon consideration of the order of court dated August 28, 2007 (Doc. 42), directing plaintiff Waste Transportation & Disposal, Inc. ("WTDI") to retain new counsel on or before September 28, 2007 and advising WTDI that failure to do so could result in the imposition of sanctions, including the dismissal of this case, and it appearing that WTDI has not complied as of the date of this order, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute),[1] and the court finding that plaintiff was advised of the necessity of responding to the order of court

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

dated August 28, 2007 and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued pre-trial and trial preparation, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to respond to the orders of court dated August 13, 2007 and August 28, 2007 constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), and that alternative sanctions would be ineffective to deter plaintiff's conduct because plaintiff "may appear in federal court only through licensed counsel," Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217 (1993); see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), it is hereby ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge